IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cedric A. Childers,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Britanie R. Bratcher, Ernest Michael Patrick O'Brien, Sr., Hobart Lewis, Joe Kernell<br><br>　　　　　　　Defendants. | Case No.: 6:25-cv-6742-JD-WSB<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 9), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), concerning the initial review of Plaintiff Cedrico A. Childers's ("Plaintiff") pro se complaint.[1]

**A.    Background**

The Report sets forth the relevant facts and applicable legal standards, which the Court incorporates herein by reference. In brief, Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments arising from the issuance of state arrest warrants. Plaintiff asserts, among other things, that the issuing magistrate was not "neutral and detached" because of the physical proximity

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

of the magistrate's office to law enforcement facilities and seeks monetary, declaratory, and injunctive relief.

## B. Report and Recommendation

The Magistrate Judge issued the Report on July 8, 2025, recommending that this action be dismissed without issuance and service of process and without leave for further amendment. (DE 9.)

The Report concludes that Plaintiff's claims are subject to dismissal on multiple, independent grounds, including: (1) abstention under *Younger v. Harris* because Plaintiff's allegations would require this Court to interfere with ongoing state criminal proceedings; (2) absolute judicial immunity as to Defendant Judge O'Brien; (3) failure to state a claim against the remaining defendants due to the absence of specific factual allegations or a basis for supervisory liability; and (4) failure to plead a plausible Fourth Amendment violation where Plaintiff was arrested pursuant to facially valid warrants. The Report further explains that Plaintiff's reliance on numerous state and federal statutes does not supply a private right of action and that any state-law tort claims are not cognizable under § 1983.

Plaintiff filed an objection on July 22, 2025. (DE 11.)

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir.

1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.  Plaintiff's Objections

Plaintiff's objection cites a collection of constitutional provisions, state and federal cases, and statutory references concerning the "neutral and detached" requirement for magistrates issuing warrants. (DE 11.) Plaintiff asserts, in substance, that magistrates who work in or near law enforcement facilities cannot be impartial and that arrests issued pursuant to such warrants are constitutionally invalid. (*Id.*)

Although Plaintiff's objection is readable, it does not identify any specific factual or legal error in the Magistrate Judge's analysis. The objection largely reiterates the same theory advanced in the complaint—that the physical location or professional interactions of a magistrate defeat neutrality—without addressing the controlling legal conclusions in the Report.

As explained in the Report, allegations that a magistrate was not neutral and detached do not overcome absolute judicial immunity, nor do they give rise to a

cognizable § 1983 claim for damages against a judicial officer acting within his jurisdiction. Further, Plaintiff's proper avenue for challenging the validity of arrest warrants or the existence of probable cause is through the ongoing state criminal proceedings, not through a federal civil action. Plaintiff's objection does not address the applicability of *Younger* abstention, the lack of specific allegations against several defendants, or the absence of facts showing that the warrants were unsupported by probable cause.

Plaintiff's extensive citation to criminal statutes and provisions that do not create private rights of action, likewise, does not demonstrate error in the Report's conclusions. Disagreement with the outcome recommended by the Magistrate Judge, without identifying an error in the reasoning supporting dismissal, is not a proper objection under 28 U.S.C. § 636(b)(1).

Accordingly, Plaintiff's objections are overruled.

### E.   Conclusion

After a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 9) and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED WITHOUT ISSUANCE AND SERVICE OF PROCESS and without leave for further amendment.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 14, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.